ANDRÉS QUINTANA-REYES, Plaintiff and Appellant, *v.* MARK LEJEUNE, Defendant and Appellee.

No. 4027. Argued April 22, 1927.—Decided February 14, 1928.

*E. Rincón Plumey* and *L. Muñoz Morales* for the appellant. *Benet & Souffront* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

In an action for the recovery of money brought against Mark Lejeune the District Court of Mayagüez made the following findings of fact:

"1. That in November, 1923, José G. Rivera Olan bought merchandise of the Curacao Trading Company and for the value of the same drew a bill of exchange against the defendant Mark Lejeune.

"2. That when the said bill was presented for payment the said defendant did not accept it."

"3. That during the years 1922 and 1923 José G. Rivera Olan had drawn some bills of exchange against Mr. Lejeune that were paid.

"4. That the defendant Mark Lejeune in January, 1922, by letter had authorized Mr. José G. Rivera Olan to represent him in the disposition of two launches belonging to him, which work was put through by the Curacao Trading Company.

"5. That in the month of May, 1923, the defendant executed by deed a special power of attorney before Notary Angel A. Vázquez in favor of José G. Rivera Olan authorizing the latter exclusively to sell the two launches.

"6. That the Curacao Trading Company by public deed assigned to the complainant its right, title and interest in the bill of exchange that in the sum of $3,704.12 Rivera Olan drew against the defendant Lejeune in order that the complainant should recover the same by suit or in a friendly way and the Curacao Trading Company was to receive 50% of the amount obtained.

"7. That the bills that had been previously drawn by Mr. Rivera Olan against Mr. Lejeune in favor of the Curacao Trading Company bore no relation to any business carried into effect between the defendant Mark Lejeune and the Curacao Trading Company and that Mr. Lejeune in paying the said bills did so because at the said dates he had in his possession belonging to Mr. Rivera Olan funds derived from other transactions.

"8. That Mr. Mark Lejeune did not at any time authorize Mr. José G. Rivera Olan to buy merchandise for said defendant, nor to draw any draft against him in payment therefor.

"9. That with the exception of the sale and repair of the launches the Curacao Trading Company at no time was justified in believing that the purchase of goods or the transactions effected by Rivera Olan were done under the authority, by the order or for the benefit of Mr. Lejeune who never acknowledged nor authorized by writing or orally nor ratified in any way the said transactions.

"10. That the defendant, Mark Lejeune, never received any merchandise proceeding from the business alleged in the complaint."

The court made various conclusions of law, all of which we do not find it necessary to discuss, as we hold these findings dispose of the complaint which proceeded upon the theory of an agency in José G. Rivera Olan. We find no reason to question in any substantial way the said findings.

The appellant attacks the findings, but we find the attack untenable. It consists in saying that the court had no right in believing the sole testimony of the defendant against the depositions of the complainant.

In the first place the defendant appeared before the court, gave a clear account of his dealings and the court had a right to believe him.

In the second place there was no real contradiction between the oral statement of Lejeune and the various depositions taken by the complainant in this case. These depositions so far as material were limited to saying that Rivera Olan purchased on account of Lejeune and that on other occasions the latter had honored drafts issued by Rivera Olan. The fact that Lejeune on other occasions had honored drafts of Rivera Olan is far from proving that Rivera Olan was a general agent of Lejeune or had power to represent him in this or other transactions. Neither the letter copied into the record, nor the former power given by Lejeune tend to show such general or special agency. Without considering the testimony of Lejeune there was no sufficient showing of a general or special agency. The declarations of the supposed agent, besides being hearsay, were insufficient to prove the agency. The record would tend to disclose that there was no such agency. Sections 1612, 1615, 1616 and 1617, Civil Code.

In the fourth place there is not the slightest indication of benefit to Lejeune and not the slightest act of ratification. Section 1629, Civil Code. *Cui prodest?* This is a question that was answered by the court below.

In the fifth place the complainant made Lejeune his own witness. Now while this action would not prevent the complainant from showing that the facts were otherwise than stated by Lejeune, or even that Lejeune on the stand showed himself unworthy of belief, or that other witnesses made him incredible, yet when the complainant introduced him as his

own witness he was estopped from attacking him on the mere ground of interest. A party may not introduce a witness to the court whom he has reason to know may be adverse and then for no reason that appears from the record attack him as unworthy of belief.

The court also held that the assignment made by the Curacao Trading Company to the complainant was tainted with champerty and therefore void. Perhaps the court is right, but what we prefer to hold is that the complainant never acquired a right, title or interest to bring this action. His only nexus with Lejeune was an assignment to collect a bill of exchange. The complainant gave nothing in payment of the assignment. The evidence tends to show that the cause of action, if any, remained in the Curacao Trading Company who could always allege a *nudum pactum* as against the complainant. No consideration flowed from the complainant to the Curacao Trading Company. Without too much insistence we may say that the complaint itself indicates this when it says in its second paragraph: "That the defendant is in the debt of the Curacao Trading Com-company." This statement, probably made inadvertently and later contradicted in the same complaint, was an exact reflection of the truth.

The judgment should be affirmed.

Mr. Justice Texidor took no part in the decision of this case.